IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| EDWARD E. PRICE | CIVIL  NO. 07-0937 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BURL CAIN, WARDEN | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Edward E. Price ("Price").  Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 36] and Supplemental Report and Recommendation[1] [Doc. No. 37],  in which she recommends that Price's Petition be denied and dismissed.  The Court agrees with and adopts Magistrate Judge Hayes' Report and Recommendation and Supplemental Report and Recommendation with the following exception.

On page 4 of the Report and Recommendation, she states that "this court's review of the State's proffered reasons [for its strikes of African-American jurors] is *de novo*" and cites *United States v. Williamson*, 533 F.3d 269, 274 (5th Cir. 2008). [Doc. No. 36, p. 4].   However, in *Williamson*, the Fifth Circuit reviewed a *Batson* objection raised originally in the federal district court in a federal prosecution.  It is inapplicable to the Court's habeas review under § 2254 of a state trial court's *Batson* ruling.  The Court, therefore, DECLINES TO ADOPT this statement of

---

[1] In the Report and Recommendation, Magistrate Judge Hayes had assumed that one of the venire members struck by the State, Sharon Ricks, is African-American.  The Supplemental Report and Recommendation merely confirms that the amended transcript from State court confirmed Magistrate Judge Hayes' assumption that Ms. Ricks is African-American.  The analysis employed by Magistrate Judge Hayes is contained in the Report and Recommendation. [Doc. No. 36].

law contained in the Report and Recommendation.

Nevertheless, the Court finds that Magistrate Judge Hayes properly conducted an evidentiary hearing, as instructed by the Fifth Circuit in its remand to this Court. Specifically, Magistrate Judge Hayes properly considered the testimony of the State's only witness, Assistant District Attorney, Madeline Slaughter, based on the voir dire transcript, her notes from voir dire, the juror questionnaires, and the rap sheets of the venire members. Magistrate Judge Hayes also considered the evidence offered by Price in his cross-examination of Ms. Slaughter. The Court further finds that Magistrate Judge Hayes properly resolved steps 2 and 3 of the *Batson* test, determining that the State offered race-neutral reasons for its peremptory challenges of African-American venire members[2] and that Price failed to meet his burden of showing the State engaged in purposeful discrimination.

Accordingly, having considered the record in this matter, including Price's objections, the Court otherwise ADOPTS the Report and Recommendation of Magistrate Judge Hayes, and Price's Petition is DENIED and DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 29th day of December, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2]Price objects to Magistrate Judge Hayes' conclusion at step two of the *Batson* review that he failed to challenge the neutrality of the reasons proffered by the State. Based on the record, the Court agrees with Magistrate Judge Hayes that Price did not contest the neutrality of the proffered reasons on their face, but, under step three of the *Batson* analysis, argued that the supposedly neutral reasons were pretext for discrimination. At the hearing, the State was required to meet its burden of production under the second step before Price was required to prove pretext. Although not identified in the second step of Magistrate Judge Hayes' analysis, the State's proffered reasons are contained in the transcript of the hearing, and they are discussed in Magistrate Judge Hayes' analysis under the third step of *Batson*.